IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SUSAN ROATCH,<br><br>    Plaintiff,<br><br>vs.<br><br>STATE OF ALASKA, et al.,<br><br>    Defendants. | Case No. 4:06-cv-00019-RRB<br><br>ORDER OF DISMISSAL |

Section 1915 Screening

Susan Roatch, representing herself, has filed a civil rights complaint under 42 U.S.C. § 1983, claiming that the defendants have violated her Constitutional rights by unlawfully terminating her parental rights.[1] Ms. Roatch has also filed an application to waive the filing fee.[2] First, therefore, the Court must screen Ms. Roatch's complaint, and must dismiss if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

---

[1] *See* Docket No. 1.

[2] *See* Docket No. 2.

against a defendant who is immune from such relief."[3] As explained by the Fourth Circuit Court of Appeals, "screen[ing] out meritless cases" is necessary to prevent the abuse of "free access to the courts."[4]

In conducting its review, the Court is mindful that it must liberally construe a self-represented plaintiff's pleadings and give the plaintiff the benefit of any doubt.[5] Before a court may dismiss 's complaint for failure to state a claim upon which relief may be granted, the Court must provide her with a statement of the deficiencies in

---

[3] 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners," and subsection (iii) requires "dismissal of in forma pauperis proceedings that seek monetary relief against immune defendants"); *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir.1998) (quoting *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (deny leave waive the filing fee "at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit").

[4] *See Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 953 (4th Cir. 1995) (en banc), *cert. denied*, 116 S.Ct. 1273 (1996), following *Neitzke v. Williams*, 490 U.S. 319, 324-328 (1989).

[5] *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("Under § 1915A, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff. ... Additionally, in general, courts must construe *pro se* pleadings liberally."); *Jackson v. Carey*, 353 F.3d 750 (9th Cir. 2003) ("Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers."); *Frost v. Symington*, 197 F.3d 348, 352 (9th Cir. 1999) (self-represented prisoner's claims must be liberally construed, and given the benefit of any doubt); *Ortez v. Washington County,* 88 F.3d 804, 807 (9th Cir. 1996).

the complaint and an opportunity to amend, unless it is clear that amendment would be futile.[6]  Here, amendment would be futile.

## Jurisdiction

As a federal court, this Court is a court of limited, as opposed to general, jurisdiction; it has authority to hear only specified classes of cases.  It is Ms. Roatch's burden, as the plaintiff, to show that this Court has jurisdiction to hear the claims.[7]  "To sustain a claim under § 1983, a plaintiff must show (1) that the conduct complained of was committed by a **person acting under color of state law**; and (2) that the conduct deprived the plaintiff of a constitutional right."[8]  As explained by the United States Supreme Court, Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred."[9]  This Court

---

[6] *See Schmier v. U.S. Court of Appeals for Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) ("Futility of amendment ... frequently means that 'it was not factually possible for [plaintiff] to amend the complaint so as to satisfy the standing requirement.'") (citations excluded); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987); *see also Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) ("dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment. *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir.1996)"); *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003) ("Dismissal without leave to amend is proper only in 'extraordinary' cases.") (citation omitted).

[7] *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *Hunter v. Kalt*, 66 F.3d 1002, 1005 (9th Cir. 1995).

[8] *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (citations omitted).

[9] *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)

is **not a court of appeals for state court decisions**.[10] That is, Ms. Roatch cannot appeal an adverse state court decision to this Court. Her remedy, if she is unhappy with a decision of the state trial court, is in a timely appeal.[11]

Color of Law

Private actors cannot be sued under 42 U.S.C. § 1983. Ms. Roatch alleges that defendants Gail and Tanya Bourne deprived her of her federal rights. But, in order for Ms. Roatch to assert a claim under the federal Civil Rights Act, the wrong she alleges must have been committed under "color of law".[12] Ms. Roatch has not alleged actions taken by

---

[10] *See Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986) (citing, inter alia, *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 476 (1983)) (a United States district court "has no authority to review the final determinations of a state court in judicial proceedings," even where the challenge to the state court decision involves federal constitutional issues)); *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir. 2001) ("As courts of original jurisdiction ... federal district courts lack jurisdiction to review the final determinations of a state court in judicial proceedings.").

[11] Ms. Roatch should raise her due process arguments in her state court appeal. *See Woodrum v. Woodward County*, 866 F.2d 1121, 1124-25 (9th Cir. 1989). However, Ms. Roatch should be aware that, although she claims that hearsay evidence was admitted at trial, there are many exceptions to the hearsay rule, and she will not likely prevail on those grounds.

[12] *See Gorenc v. Salt River Project Agr. Imp. and Power Dist.*, 869 F.2d 503 (9th Cir.), *cert. denied*, 493 U.S. 899 (1989) (defendant, which was privately owned, privately run, and not financed by the state, acted as a private company). *See also Collins v. Womancare*, 878 F.2d 1145 (9th Cir. 1989), *cert. denied* 493 U.S. 1056 (1990) ("execution by a private party of a sworn complaint which forms the basis of an arrest" is not enough to convert the private party's acts into state action for purposes of § 1983); *Boykin v. Bloomsburg University of Pennsylvania*, 893 F. Supp. 409, 417 (M.D. Pa. 1995), *aff'd*, 91 F.3d 122 (3rd Cir. 1996), *cert. denied* 117 S. Ct.

Gail or Tanya Bourne under color of law. As explained by the United States Supreme Court, "§ 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong."[13]

## State Immunity

Ms. Roatch has also brought suit against the State of Alaska. However, "[t]he Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state."[14] States are not "persons" for purposes of § 1983.[15] Thus, section 1983 claims against states are considered legally frivolous.[16]

Except for suits filed against state officials, the Eleventh Amendment bars suit regardless of the relief sought.[17] Therefore, Ms. Roatch's action against the State of Alaska is barred by Eleventh Amendment immunity.[18]

---

739 (1997) (providing false information to police officer is not, by itself, sufficient to state a claim against a private party under § 1983).

[13] *American Mfrs. Mut. Ins. Co. v. Sullivan*, 119 S. Ct. 977, 985 (1999).

[14] *Brooks v. Sulphur Springs Valley Elec. Co-op*, 951 F.2d 1050, 1053 (9th Cir. 1991), *cert. denied*, 503 U.S. 938 (1992) (citations omitted); *see also Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 66 (1996).

[15] *See Arizonans for Official English v. Arizona*, 117 S. Ct. 1055, 1069 (1997); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (en banc).

[16] *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989).

[17] *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Seldovia Native Ass'n, Inc. v. Lujan*, 904 F.2d 1335, 1349 (9th Cir. 1990).

[18] Likewise, any the judges who decided against Ms. Roatch are entitled to absolute judicial immunity, and cannot be sued under federal

Because Ms. Roatch cannot proceed with her civil rights action against any of the defendants, her action must be dismissed.

**IT IS HEREBY ORDERED** that:

1. Ms. Roatch's complaint is DISMISSED, without prejudice, under 28 U.S.C. § 1915(e); and

2. The application to waive the filing fee, at docket number 2, is DENIED as moot.

DATED this 7th day of July, 2006, at Anchorage, Alaska.

/s/RALPH R. BEISTLINE
United States District Judge

---

civil rights laws.  See *Mireles v. Waco,* 502 U.S. 9, 11-12 (1991); *Martinez v. Newport Beach City*, 125 F.3d 777, 780 (9th Cir. 1997); *Demoran v. Witt*, 781 F.2d 155, 156 (9th Cir. 1986).  In fact, "[j]udicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the Plaintiff.'"  *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (*en banc*) (citing *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985)); *see also Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *New Alaska Development Corp. v. Guetschow*, 869 F.2d 1298, 1301-02 (9th Cir. 1989).